# EXHIBIT B



| | |
|---|---|
| **TO:** | Jonathan Gelman, CCO |
| **CC:** | Karl S. Kronenberger, Esq. |
| **From:** | Rebecca Feinberg<br>Senior Case Specialist |
| **Subject:** | FINRA Dispute Resolution Services Arbitration Number 26-01225<br>Stephanie Lin Foon Wong vs. Interactive Brokers LLC |
| **Date:** | June 2, 2026 |

FINRA administers a forum to assist in the resolution of disputes involving customers of brokerage firms and disputes between brokerage firms and their employees. Arbitration is a method of having a dispute between two or more parties resolved by impartial persons. Any type of dispute, claim, or controversy arising out of business dealings with any FINRA member firm or registered person may be resolved in arbitration. Awards are rendered by independent arbitrators who are chosen by the parties to issue final, binding decisions. FINRA makes available an arbitration forum—pursuant to rules filed with and reviewed by the SEC—but has no part in deciding the award.

You have been named as a party in this arbitration, which the claimant(s) filed on **May 29, 2026**. Attached is a copy of the Statement of Claim filed by the claimant(s). You are required by FINRA rules to arbitrate this dispute.

This office administers arbitration cases according to the FINRA Codes of Arbitration Procedure (Codes). The Codes are separated into three parts: the Customer Code, the Industry Code, and the Mediation Code. The most up-to-date version of the Codes can be accessed or downloaded from our website at https://www.finra.org/arbitration-mediation/rules-case-resourceshttp://www.finra.org/arbitration-mediation/code-arbitration-procedure. In addition, our website provides important information about the arbitration process, including the *Party's Reference Guide*. If you do not have access to the Internet, you may call our office to request a copy of arbitration materials.

## DR Portal

Except for pro se customers, FINRA rules require all parties and counsel to use the DR Portal on a mandatory basis. The DR Portal allows parties to electronically submit pleadings and serve other parties, select arbitrators, and receive notices about case deadlines and activities.

After FINRA receives your notice of appearance, we will invite you via email to register this case through a personalized web address link. Registered users may access the DR Portal at drportal.finra.org by entering their user name and password. Once you have registered, parties

must file all case documents with FINRA in electronic form (PDF) through the DR Portal.  FINRA will not accept paper documents or email submissions.

DR Portal-registered users will serve documents on other registered users using the DR Portal. Pro se customers who have not registered to use the DR Portal, however, must be served by first class mail, overnight mail or delivery service, hand delivery, facsimile, or email.

In addition, we will send DR Portal-registered users all FINRA correspondence through the DR Portal in electronic form (PDF). Registered users will receive an automated email to alert them every time we send documents through the DR Portal for review. Our correspondence will be found in the "Documents" tab within the respective case.

In addition to allowing parties to file documents electronically, the DR Portal also provides parties with the ability to strike and rank arbitrators during list selection through the DR Portal.

Once you log into the DR Portal, you will have the ability to invite and authorize additional individuals to access case data and documents using the DR Portal (including outside counsel and any other individuals you deem appropriate). Please note that all FINRA case documents are considered confidential (except for arbitration awards which are publicly available). Only party representatives and pro se parties in the subject case (and their approved designees) are able to view these documents through the DR Portal.

Please find the DR Portal User Guides at http://www.finra.org/arbitration-mediation/dispute-resolution-portal-user-guides .

## Filing a Statement of Answer

You are required, on or before **July 22, 2026**, to file a signed and dated Submission Agreement (attached) and answer to the Statement of Claim via the DR Portal and serve each party.

Customer Code Rule 12308 and Industry Code Rule 13308 provide that, if you do not answer within the time period specified above, the panel may, upon motion, bar you from presenting any defenses or facts at the hearing, unless the time to answer was extended in accordance with the Codes. In addition, if you answer a claim that alleges specific facts and contentions with a general denial or fail to include defenses or relevant facts in your answer that were known to you at the time the answer was filed, the panel may bar you from presenting the omitted defenses or facts at the hearing.

With the claimant's written consent, you may obtain extensions of time to answer. In accordance with Customer Code Rule 12207 and Industry Code Rule 13207, FINRA staff will not grant you an extension of time to answer, except upon a showing of good cause. If the claimant agrees to extend your time to file your answer, please notify FINRA in writing of the new deadline for filing your answer via the DR Portal and serve all other parties.

## Filing Other Claims

The answer to the Statement of Claim may include any counterclaims against the claimant, cross claims against other respondents, or third party claims, specifying all relevant facts and remedies requested, as well as any additional documents supporting such claim. When serving a third party claim, you must provide each new respondent with copies of all documents previously served by any party or sent to the parties by FINRA. If the answer to the Statement of Claim contains any

counterclaims, cross claims or third party claims, you must pay all required filing fees at the time of filing.

## Hearing Location

For customer disputes, Customer Code Rule 12213 provides that FINRA will generally select the hearing location closest to the customer's residence at the time the dispute arose, unless the customer requests in their initial filing a hearing location in the customer's state of residence at the time the dispute arose.

For industry disputes, Industry Code Rule 13213 provides that FINRA will generally select the hearing location that is closest to the location where the associated person was employed at the time the dispute arose. In industry disputes involving FINRA firms only, unless the firms are located in the same city, FINRA will consider a number of factors when deciding the hearing location. These include the following:

- signed agreements to arbitrate;
- who initiated the transactions or business at issue; and
- location of essential witnesses and documents.

If all parties in any arbitration agree to a hearing location, FINRA ordinarily will select that hearing location.

FINRA has selected **New York, NY** as the hearing location for this case. FINRA will consider changing the hearing location upon motion of a party. After the panel is appointed, however, the panel will decide any motion relating to changing the hearing location.

## Number of Arbitrators

Customer Code Rule 12401 and Industry Code Rule 13401 provide that one arbitrator will decide this case if the amount of the claim is $100,000 or less, exclusive of interest and expenses, unless all parties agree in writing to three arbitrators. If this claim is more than $100,000 or for an unspecified or non-monetary amount, a panel of three arbitrators will be selected to decide the case, unless all parties agree in writing to the appointment of a single arbitrator to decide the case.

There are several benefits to the appointment of a single arbitrator, including: 1) reduced hearing session fees because hearings sessions with one arbitrator cost substantially less than hearing sessions with three arbitrators (e.g., $675 per hearing session versus $1,990per hearing session in cases with over $500,000 to $1 million in damages); 2) reduced fees for other events such as initial pre-hearing conferences, other pre-hearings, and postponements; 3) reduced case processing times because single arbitrators do not need to coordinate their calendars with co-panelists to schedule a hearing; 4) reduced party effort in the arbitrator selection process because parties will receive one list of 10 names from which to choose their arbitrator, rather than three lists of 10 names each (i.e., parties will only need to research the disclosures and histories of 10 proposed arbitrators instead of 30); 5) reduced costs for copying hearing exhibits (by two-thirds); and 6) less likelihood of last minute changes in hearing dates because of arbitrator scheduling issues.

## Representation of Parties

Customer Code Rule 12208 and Industry Code Rule 13208 provide that parties may represent themselves or may be represented by an attorney admitted to practice and in good standing in any jurisdiction. A party may be represented by a non-attorney, unless state law prohibits such representation, the person is currently suspended or barred from the securities industry in any capacity, or the person is currently suspended from the practice of law or disbarred.

## Discovery

Customer Code Rule 12505 and Industry Code Rule 13505 provide that parties must cooperate to the fullest extent practicable in the exchange of documents and information to expedite the arbitration. Parties in customer cases should carefully review FINRA's Discovery Guide that contains two Document Production Lists which state the presumptively discoverable documents that customer and industry parties are obligated to exchange with each other. The Discovery Guide can be downloaded from our website at https://finra.org/arbitration-mediation/rules-case-resources/discovery-guide. Upon request, FINRA will provide the parties with a copy of the Discovery Guide and Document Production Lists. Document Production Lists 1 and 2 describe the documents that are presumed to be discoverable in all arbitrations between a customer and a firm or registered person. Parties should not file with FINRA copies of correspondence relating to the exchange of documents and information during discovery, unless related to a motion.

## Motions

As explained in Customer Code Rule 12503 and Industry Code Rule 13503, written motions are not required to be in any particular form. Motions may take the form of a letter, legal motion, or any other form that the panel decides is acceptable. Motions include all requests to the arbitrators or the Director of Dispute Resolution Services (Director), including challenges for cause and recusal requests. Any written request to the arbitrators or the Director will be treated as a motion even when it is not expressly labeled as a motion by a party. Written motions must be served directly on all other parties via the DR Portal. Responses to written motions must be served directly on each other party via the DR Portal.

## Motion Response Deadlines

**Generally**. Under Customer Code Rule 12503 and Industry Code Rule 13503, parties have 10 days from the receipt of a written motion to respond to the motion, unless the moving party agrees to an extension of time, or the panel decides otherwise. Parties have five days from the receipt of a response to a motion to reply to the response unless the responding party agrees to an extension of time, or the Director or the panel decides otherwise.

**Subpoenas**. Under Customer Code Rule 12512 and Industry Code Rule 13512, parties have 10 calendar days from the receipt of a motion requesting that an arbitrator issue a subpoena to file a response, and moving parties have 10 calendar days from receipt of the response to submit a reply.

**Motions to Dismiss**. Motions to dismiss have different response deadlines. Parties should review Customer Code Rules 12206(b) and 12504 and Industry Code Rules 13206(b) and 13504 for the applicable response deadlines.

## Motions to Dismiss

Customer Code Rule 12504 and Industry Code Rule 13504 limit significantly the filing of motions to dismiss in the arbitration forum and impose strict sanctions against parties who engage in abusive motion practices. These rules specify the following three limited grounds on which a motion to dismiss may be granted before a claimant finishes presenting their case: 1) the non-moving party signed a settlement and release; 2) the moving party was not associated with the account, security, or conduct at issue; or 3) the claim does not meet the criteria of the eligibility rule under Customer Code Rule 12206 and Industry Code Rule 13206.

### CRD Reporting Obligations for Registered Representatives

Article V, Section 2(c) of the FINRA By-Laws provides that registered representatives must keep their CRD registration current. If applicable, you are advised to review the Form U4 to determine if disclosure of this matter is required. If so, your failure to update your registration application may result in the filing of a formal complaint based on any omission. Any question regarding this disclosure requirement should be directed to the FINRA Support Center at (301) 590-6500.

### Expungement of Customer Dispute Information

For simplified customer arbitrations filed on or after October 16, 2023, a party seeking expungement of customer dispute information must file the request for expungement within 30 days after the arbitrator is appointed. Alternatively, an associated person may request expungement of customer dispute information separate from the simplified customer arbitration by filing a Statement of Claim pursuant to Industry Code Rule 13805, unless barred by Industry Code Rule 13805(a)(2). Please see Customer Code Rule 12800 for more information.

For regular customer arbitrations filed on or after October 16, 2023, a party seeking expungement of customer dispute information must file the request for expungement no later than 60 days before the first scheduled hearing date. Only an associated person who was not named in the customer arbitration may request expungement of customer dispute information separate from the customer arbitration by filing a Statement of Claim pursuant to Industry Code Rule 13805, unless barred by Industry Code Rule 13805(a)(2). An associated person named in the customer arbitration must make the expungement request during the regular customer arbitration. Please see Customer Code Rule 12805 for more information.

Additional information about expungement is available here: www.finra.org/rules-guidance/guidance/faqs/expungement-and-finra-rule-2080-faqs.

### Explained Decisions

The arbitrators will provide an explained decision at the parties' joint request. An explained decision is a fact-based award stating the general reasons for the arbitrators' decision. FINRA rules require parties to submit any joint request for an explained decision at least 20 days before the first scheduled hearing date.

### Mediation

Mediation is an effective way to bring about or expedite the settlement of your case. It provides an informal atmosphere and the opportunity for each side to discuss the case with a mediator in both confidence and privacy. Mediation will not impede or delay the pending FINRA arbitration case. The mediation runs concurrently with the companion arbitration unless the parties

mutually agree otherwise. Please note that mediation is a voluntary process, and the mediation will only occur if both parties agree to it. FINRA cannot compel a party to mediate.

To learn more about the FINRA Mediation Program and the many advantages that mediation can offer you, please see www.finra.org/arbitration-mediation/mediation-overview.

If you have any questions, please do not hesitate to contact me at 561-443-8159 or by email at Rebecca.Feinberg@finra.org.


RF1:rf1:LC39E
idr: 04/07/2026


RECIPIENTS:
Jonathan Gelman, CCO, Interactive Brokers LLC, One Pickwick Plaza, Greenwich, CT 06830
On Behalf Of: Interactive Brokers LLC

CC:
Karl S. Kronenberger, Esq., Kronenberger Rosenfeld, LLP, 548 Market Street, #85399, San
        Francisco, CA 94104
On Behalf Of: Stephanie Lin Foon Wong