Morgan Lewis

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_________________
DATE FILED: 8/19/2026

**MEMORANDUM ENDORSED**

**Matthew E. Cooper**
Associate
+1.212.309.6398
matthew.cooper@morganlewis.com

August 17, 2026

**VIA ECF**

Hon. Gregory H. Woods, United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: Interactive Brokers LLC v. Wong, No. 1:26-cv-06579

Dear Judge Woods:

We represent Plaintiff Interactive Brokers LLC ("IBLLC") in the above-referenced action. We write to respectfully request that the Court formally seal the documents filed at ECF No. 1-1, which was inadvertently filed containing attorney work product, and 13-1, which contains unredacted account numbers. Pursuant to the Court's direction (*see* Order, ECF No. 15), both documents have been sealed by the ECF Help Desk at the request of the undersigned counsel. Attached to this letter motion is a replacement exhibit A to IBLLC's Complaint, which is identical to the documents currently filed at ECF No. 1-1 and 13-1, except that the attorney work product has been removed and the account numbers redacted.

We thank the Court and apologize for the inconvenience caused.

Respectfully submitted,

*/s/ Matthew E. Cooper*

Matthew E. Cooper

MEC

Application granted. Plaintiff's request to file Exhibit A at Dkt. No. 13-1 under seal with the redaction of account numbers is granted in accordance with Federal Rule of Civil Procedure 5.2(a)(4). Plaintiff's request to place Exhibit A at Dkt. No. 1-1 under seal and to refile it without the protected attorney work product is also granted. There is a long-established "general presumption in favor of public access to judicial documents," *Collado v. City of New York*, 193 F. Supp. 3d 286, 288 (S.D.N.Y. 2016), and the public has a "qualified First Amendment right . . . to access certain judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, F.3d 110, 120 (2d Cir. 2006). Documents may be sealed if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* The protection of attorney work product is sufficiently important to justify sealing. *See, e.g.*, *Weiss v. Yotta Technologies, Inc.*, No. 22-cv-8569, 2025 WL 1190807, at *6 n.4 (S.D.N.Y. Apr. 22, 2025) (granting letter motion to seal portions of invoices containing attorney work product). The Court finds that sealing the original exhibit and refiling it without the attorney work product is narrowly tailored to protect this interest.

SO ORDERED

Dated: August 19, 2026
New York, New York

GREGORY H. WOODS
United States District Judge